```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT
```

Leslie Kevin Kozaczek,            :
                                  :
        Plaintiff,                :
                                  :
        v.                        :    Case No. 1:12-cv-55-jgm
                                  :
ConServe (Continental             :
Service Group, Inc.), New         :
Hampshire Higher Education        :
Assistance Foundation,            :
Granite State Management          :
Services, Sallie Mae,             :
                                  :
        Defendants.               :

## ORDER

Plaintiff Leslie Kevin Kozaczek, proceeding *pro se*, brings this action claiming that Defendants have violated the Fair Debt Collection Practices Act; improperly garnished his wages and initiated illegal IRS offsets; violated his right to due process; and are liable under state law for negligence, gross negligence, and wrongful enforcement of a promissory note.  Defendants New Hampshire Higher Education Assistance Foundation and Granite State Management Services (collectively "New Hampshire Defendants") have counterclaimed for payment under the terms of the promissory note.  Defendant ConServe has been dismissed from the case with prejudice.

On August 3, 2013, counsel for the New Hampshire Defendants filed a notice of Kozaczek's Chapter 7 bankruptcy case ("Notice").  The Notice is dated July 30, 2013, and sets forth a date of September 9, 2013 for a meeting of the creditors.  The

bankruptcy trustee for the Chapter 7 estate is Raymond J. Obuchowski, Esq.

The question currently before the Court is whether the instant case may proceed in light of the bankruptcy proceeding. With respect to the counterclaim asserted by the New Hampshire Defendants, any effort against the debtor to collect on an existing debt is subject to an automatic stay.  See 11 U.S.C. § 362(a)(1) (stating that bankruptcy filing operates as a stay applicable to "the commencement or continuation . . . of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code]"); United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 369 (1988) ("When a bankruptcy petition is filed, § 362(a) of the Bankruptcy Code provides an automatic stay of, among other things, actions taken to realize the value of collateral given by the debtor."); Koolik v. Markowitz, 40 F.3d 567, 568-69 (2d Cir. 1994) (noting that "an answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an action or proceeding against the debtor within the meaning of § 362(a)"). Any further pursuit of the counterclaim by the New Hampshire Defendants is therefore STAYED.

The next issue before the Court is whether Kozaczek may proceed with his claims for relief.  The automatic stay is only

2

applicable to proceedings "against" the debtor.  11 U.S.C. § 362(a)(1); Koolik, 40 F.3d at 568.  It does not apply to an action brought *by* the debtor.  See Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) (Section 362(a) "does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate").  Furthermore, under the principle of "disaggregation," a stay of some claims does not require a stay of all claims in the case.  See, e.g., Seiko Epson Corp. v. Nu-Kote Int'l, Inc., 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("within one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue") (citing Maritime Elec., 959 F.2d at 1205); see also Vasile v. Dean Witter Reynolds, Inc., 20 F. Supp. 2d 465, 499 (E.D.N.Y. 1998).

There remains a question, however, as to Kozaczek's standing to pursue his claims in light of his Chapter 7 filing.  See In re Flanagan, 503 F.3d 171, 179 (2d Cir. 2007).  In a Chapter 7 case, only the bankruptcy trustee may administer property of the estate, including bringing actions on behalf of the estate.  See 11 U.S.C. §§ 323, 704.  The Second Circuit has cited *Collier on Bankruptcy* as follows:

> The trustee, as representative of the estate, has the exclusive capacity to sue and be sued on behalf of the estate, and is charged by law with representing the interest of the estate against third parties claiming adversely to it. . . .

> After appointment of a trustee, a debtor no longer has standing to pursue a cause of action that existed at the time the order for relief was entered.  Only the trustee has the authority and discretion to prosecute, defend and settle, as appropriate in its judgment, such a cause of action.

In re Flanagan, 503 F.3d at 179 (quoting 3 *Collier on Bankruptcy* ¶ 323.03, 323.03[1], at 323-7 to 323-9 (Alan N. Resnick et al. eds., rev. 15th ed. 2007); also citing 10 *Collier on Bankruptcy* ¶ 6009.03, at 6009-3 to 6009-6.1.); see also In re Hopkins, 346 B.R. 294, 304 (Bankr. E.D.N.Y. 2006) (noting that it is "well settled that the trustee is the proper or real party in interest to prosecute prepetition causes of action").  Accordingly, "only the Trustee may bring [this case], and [Kozaczek] has no standing to pursue it alone."  Auday v. Wet Seal Retail, Inc., 698 F.3d 902, 904 (6th Cir. 2012).

Kozaczek's lack of standing does not, however, necessarily require closure of this case.  "Instead of dismissing the debtor's case, it is generally preferable to permit the bankruptcy trustee to be substituted as the named plaintiff, in place of the debtor."  Kassner v. 2nd Avenue Delicatessen, Inc., 2005 WL 1018187, at *4 (S.D.N.Y. Apr. 29, 2005); see also Meneses v. The Long Island Railroad Co., 2009 WL 666882, at *4 (S.D.N.Y. Mar. 13, 2009).  That substitution may occur pursuant to Fed. R. Civ. P. 17(a).[1]  See, e.g., Chapple v. Fahnestock & Co., Inc.,

---

[1] Indeed, the Second Circuit has held that "substitution of plaintiffs should be liberally allowed when the change is merely

4

2006 WL 2546563, at *2 (E.D.N.Y. Sept. 1, 2006) ("Federal Rule of Civil Procedure 17(a) allows the trustee to be substituted for the plaintiff in this action.").  The trustee may also choose to abandon the claim, thus allowing it to revert back to the debtor.  See 11 U.S.C. § 554(a); In re Magee, 444 B.R. 254, 260 (Bankr. S.D.N.Y. 2011) ("When the trustee abandons property, title reverts to the debtor as if no bankruptcy had been filed."); Auday, 698 F.3d at 904 ("absent abandonment" only trustee may bring debtor's employment discrimination claim).

In any event, the trustee must have time in which to consider how he wishes to proceed.  See Ayazi v. New York City Bd. of Educ., 315 F. App'x 313, 315 (2d Cir. Mar. 11, 2009) (favoring procedural approach that would permit trustee "to determine whether to adopt or abandon the bankrupt plaintiff's cause of action").  The Court therefore finds that a temporary stay of the entire case is appropriate.  Such a stay will provide the trustee the opportunity to substitute himself as plaintiff and "pursue the claim for the benefit of [plaintiff's] creditors," allow the plaintiff to continue with the case "if the bankruptcy trustee determine[s] that further litigation would not

---

formal and in no way alters the original complaint's factual allegations as to the events or the participants."  Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997).

be in the interests of the creditors," or choose some other appropriate course of action.  Id.

The Court will therefore STAY the entire case for 60 days. The office of the Clerk of Court is directed to send a copy of this Order to the plaintiff, opposing counsel, and Attorney Obuchowski in his role as the Chapter 7 trustee.  Within the 60-day time period, Attorney Obuchowski may inform the Court as to his chosen course of action.  If nothing is filed within 60 days, the parties shall notify the Court with respect to the status of the bankruptcy proceeding no later than December 2, 2013.

This case is STAYED until November 18, 2013.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of September, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge