UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

LESLIE KEVIN KOZACZEK,                          :
                                                :
        Plaintiff and                           :
        Counter Defendant,                      :
                                                :
        v.                                      :        Case No. 1:12-cv-00055-jgm
                                                :
NEW HAMPSHIRE HIGHER EDUCATION                  :
ASSISTANCE FOUNDATION, and                      :
GRANITE STATE MANAGEMENT SERVICES,              :
                                                :
        Defendants and                          :
        Counter Claimants.                      :
_____         :

MEMORANDUM AND ORDER
(Docs. 64, 65)

I.      Introduction

        In November 2011, pro se[1] plaintiff Leslie Kevin Kozaczek brought this action alleging

various violations of the Fair Debt Collection Practices Act ("FDCPA") and Higher Education Act

("HEA"), violations of due process, negligence, and wrongful enforcement of a promissory note.

New Hampshire Higher Education Assistance Foundation and Granite State Management Services

(collectively, the "Defendants") have counterclaimed for payment under terms of the promissory

note.  (Doc. 35.)  This case was stayed pending Kozaczek's bankruptcy case.  See Doc. 74.  Now

before the Court is Kozaczek's motion for partial summary judgment (Doc. 64) and the Defendants'

cross-motion for summary judgment (Doc. 65).  For the reasons below, the Court DENIES

Kozaczek's motion, and GRANTS the Defendants' motion.

_____

        [1] As a pro se plaintiff, the Court liberally construes Kozaczek's pleadings.  Harris v. Mills,
572 F.3d 66, 72 (2d Cir. 2009).

II.     Background[2]

The New Hampshire Higher Education Assistance Foundation ("NH Higher Ed"), a non-profit guaranty agency formed under the laws of New Hampshire, guaranteed Kozaczek's Federal Stafford student loan in 1990.  (Doc. 65-1 ¶¶ 1, 8.)  See N.H. Rev. Stat. Ann. § 195-E:1.  NH Higher Ed administers a loan guarantee program under the HEA through an agreement with the United States Department of Education.  Id. ¶ 4.  Under New Hampshire law, NH Higher Ed is authorized to contract with a service corporation — here, Granite State Management & Resources ("Granite State") — "to provide bookkeeping, data processing, loan servicing, loan administration and related fiscal services required for the conduct of their business."  N.H. Rev. Stat. Ann. § 195-E:14.

Kozaczek borrowed $3,573 from the Granite Bank of Keene to attend Franklin Pierce College from 1990 to 1991.  (Doc. 65-1 ¶ 6.)  The loan went into default on July 22, 2008.  Id. ¶ 9.  Sallie Mae, to whom the loan had been transferred in 2000, submitted a default claim to NH Higher Ed in October 2008.  Id. ¶ 10.  On July 17, 2009, the Defendants contend Kozaczek was sent default notices which explained that NH Higher Ed could seek garnishment of his wages, file a

---

[2]  Kozaczek purports to dispute nearly all of the material facts in the Defendants' Local Rule 56(a) statement.  Many of these objections are frivolous.  For example, Kozaczek claims that the Defendants have "not produced any admissible evidence" that his loans even exist at all.  (Doc. 62 at 1.)  The Defendants, however, have introduced a copy of the promissory note bearing Kozaczek's signature.  See Docs. 65-10, 65-11.  Kozaczek also repeatedly objects to the Defendants' use of an affidavit as evidence.  Under the Federal Rules of Civil Procedure, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . affidavits or declarations."  Fed. R. Civ. Proc. 56(c)(1)(A).  "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. Proc. 56(c)(4).  The Defendants' affidavit complies with the Rule and Kozaczek's objections on this basis are meritless.  Although the Court cites primarily to the Defendants' statement of material facts, it notes Kozaczek has objected to almost all of the Defendants' material facts and when appropriate, construes all of the material facts in the light most favorable to him.

lawsuit, offset his tax refunds, or take other actions in order to collect its money.  Id. ¶ 11.  In August 2009, NH Higher Ed was reinsured by the U.S. Department of Education for the amount paid upon default.  Id. ¶ 12.  Because of its fiduciary obligations to the Department of Education, NH Higher Ed assigned the claim to ConServe, a debt collection contractor (who was dismissed from this case as a defendant in July 2012, see Doc. 63) in January 2011.  Id. ¶ 14.

After verifying Kozaczek's debt and sending a notice, ConServe sent his employer, Franklin Pierce University, an order to garnish up to fifteen percent of Kozaczek's wages.  (Doc. 65-1 ¶¶ 17-19.)  Franklin Pierce then garnished fifteen percent of Kozaczek's disposable earnings.  Id. ¶ 20. According to NH Higher Ed, it never received from Kozaczek a request for a hearing or an exemption.  Id. ¶ 21.  NH Higher Ed also initiated proceedings to offset Kozaczek's income tax refunds, but the process was stopped due to this lawsuit.  Id. ¶¶ 22-24.

III.    Discussion

A.    Standard of Review

Under Federal Rule of Civil Procedure 56(a), a court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[T]he district court must draw all factual inferences in favor of, and take all factual assertions in the light most favorable to, the party opposing summary judgment." Coollick v. Hughes, 699 F.3d 211, 219 (2d Cir. 2012).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), but "[w]here the moving party meets that burden, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." FDIC v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010).  "Where both parties have moved for summary judgment, 'the court must evaluate each

3

party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" Murray v. Int'l Bus. Machs. Corps., 557 F. Supp. 2d 444, 448 (D. Vt. 2008) (citing Schwabenbauer v. Bd. of Educ. of Olean, 667 F.2d 305, 314 (2d Cir. 1981)).

Furthermore, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). In other words, "the non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts . . . and may not rely on conclusory allegations or unsubstantiated speculation." FDIC, 607 F.3d at 292 (internal quotation marks and citations omitted). Summary judgment should therefore be granted "[w]here it is clear that no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support its case is so slight.'" Id. (quoting Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994)).

B.    The Defendants' Summary Judgment Motion

1.    Kozaczek's FDCPA Claims

First, Kozaczek alleges several violations of the FDCPA. See Doc. 21 at 2-6. The Defendants contend the FDCPA excludes them from the definition of "debt collector." Under 15 U.S.C. § 1692a(6)(F), the FDCPA excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation . . . ." As mentioned above, NH Higher Ed is a non-profit guaranty agency, formed under the laws of New Hampshire that administers a loan guarantee

program under the HEA through an agreement with the United States Department of Education. Doc. 61-1 ¶¶ 1, 4.  It guaranteed Kozaczek's Federal Stafford student loan in 1990.  Id. ¶ 8.

The Court finds that the Defendants administer the loan program and conduct collection activities as fiduciaries of the Department of Education.  See, e.g., Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1034 (9th Cir. 2009) ("Every court that has addressed whether a guaranty agency owes a fiduciary obligation to the DOE has held that it does.") (citing cases).  Furthermore, there is no evidence here the Defendants' central activity (as opposed to an "incidental" activity) is that of a debt collector.  15 U.S.C. § 1692a(6)(F).  "Generally speaking, the collection of defaulted debts by a guaranty agency is 'incidental to' its primary function.  A central part of a guaranty agency's administrative function is — as the name suggests — guaranteeing student loans made by other entities."  Rowe, 559 F.3d at 1035; see, e.g., Pelfrey v. Educ. Credit Mgmt. Corp., 208 F.3d 945 (11th Cir. 2000) (per curiam) (holding that FDCPA does not apply to a guaranty agency based on § 1692a(6)(F)); Bennett v. Premiere Credit of N. Am., LLC, 504 F. App'x 872, 878 (11th Cir. 2013) (same); Murungi v. Texas Guaranteed, 402 F. App'x 849, 851 (5th Cir. 2010) (same).

In response to this argument, Kozaczek contends only that there are material facts in dispute without offering any evidence that the Defendants are not fiduciaries or that their debt collection activities were not incidental to their fiduciary obligations.  (Doc. 68 at 8-9.)  This is insufficient to survive summary judgment, even viewing the facts in the light most favorable to Kozaczek.  See FDIC, 607 F.3d at 292; Kia P. v. McIntyre, 235 F.3d 749, 763 (2d Cir. 2000) ("A plaintiff may not survive a properly asserted motion for summary judgment on the basis of conclusory allegations alone.").  The Court finds the Defendants are exempt under § 1692a(6)(F).

2.      Kozaczek's Claims Under the Higher Education Act

Kozaczek also alleges a violation of the HEA based on improper garnishment of wages. The Defendants contend, and the Court agrees, that Kozaczek has no private right of action under the HEA.  See Sanon v. Dep't of Higher Educ., 453 F. App'x 28, 30 (2d Cir. 2011) ("[T]he HEA does not provide student borrowers a private right of action to enforce its provisions."); Nehorai v. U.S. Dep't of Educ. Direct Loan, No. 08-CV-920 SLT LB, 2008 WL 1767072, at *1 (E.D.N.Y. Apr. 14, 2008) ("'[N]early every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions.'" (quoting McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1221 (11th Cir. 2002))).  Kozaczek cannot bring a private claim seeking to enforce the provisions of the HEA.

3.   Kozaczek's Constitutional Claims

Next, Kozaczek claims the Defendants have violated his procedural due process rights under the Fifth and Fourteenth Amendments by failing to notify him of the imposition of wage garnishment and IRS tax refund offsets.  The Defendants contend they sent notifications for both wage garnishment and tax refund offsets and argue Kozaczek has not introduced any evidence the notices were not sent, and no notices were returned as undeliverable.  (Docs. 65 at 14, 71 at 5.)

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  Here, the Defendants introduced the affidavit of Michael D. Levasseur, vice president of compliance at Granite State Management & Associates.  See Doc. 71-1.  In his affidavit, Levasseur declares that Kozaczek was sent a "routine default notice pursuant to the requirements of 34 C.F.R. § 682.410" informing him

he was in default, and these notices were not returned as undeliverable.  Id. at 2.  Another notice

was later sent to inform Kozaczek of an impending IRS refund offset.  Id.

Kozaczek does not introduce any evidence to contradict Levasseur's affidavit.  As noted

above, "conclusory allegations alone" are not enough to survive summary judgment.  Kia P., 235

F.3d at 763.  Moreover, he appears to concede he received at least one of the notices (but challenges

whether debt collection was proper at that time).  See Doc. 21 at 5.  Even if he did not actually

receive all notices, "[t]he key to the [due process] analysis . . . is whether the notice was mailed, not

whether it was received."  Nelson v. Diversified Collection Servs. Inc., 961 F. Supp. 863, 868

(D. Md. 1997) (citing cases).  Notice must only be "reasonably calculated" to inform an interested

party and afford him an opportunity to object, Mullane, 339 U.S. at 314, and Kozaczek's mere

allegations fail to raise a genuine issue of material fact.  Nelson, 961 F. Supp. at 869; see, e.g.,

Omegbu v. U.S. Dep't of Treasury, 118 F. App'x 989, 991 (7th Cir. 2004) ("[B]y sending notice by

mail to his last known address, the defendants complied with the constitutional requirements that

they provide notice reasonably calculated to apprise [the plaintiff] of the offset, and to provide him

an opportunity to present his objections."); Stewart v. Dep't of Educ., 18 F. App'x 452, 453 (8th Cir.

2001) ("[Plaintiff] failed to raise a genuine issue of material fact with respect to the DOE's evidence

that it mailed her a notice of its impending garnishment and thereby satisfied the notice

requirements of both the HEA and of the Due Process Clause."); Savage v. Scales, 310 F. Supp. 2d

122, 135 (D.D.C. 2004) ("[P]laintiff has not shed any doubt on the defendants' contention that

notice was mailed to his last known address, as the [HEA] required.  Accordingly, the Court

concludes that Defendants satisfied their obligation to provide notice to plaintiff prior to issuing the

order of garnishment.").

4.      Kozaczek's Negligence Claims

Kozaczek alleges the Defendants "have the duty of care to Plaintiff to ensure that its debt collection activities are lawful" and they violated that duty "by knowingly pursuing its campaign of illegal and improper debt collection." (Doc. 21 at 8.)  The Defendants contend Kozaczek has not asserted a cognizable negligence claim because his allegations have "failed to articulate the precise duty owed . . . or how that duty was breached."  (Doc. 65 at 17.)  To support a negligence claim in Vermont, Kozaczek "must show that [1] the defendant owed [him] a legal duty, that [2] the defendant breached that duty, that [3] the breach was the proximate cause of the plaintiff's injury, and that [4] [he] suffered actual loss or damage."  Lenoci v. Leonard, 21 A.3d 694, 697 (Vt. 2011).

Beyond his conclusory allegations, Kozaczek has not introduced any evidence to establish a genuine dispute as to whether the Defendants owe him a duty, recognized by law, requiring them to conform to a particular standard of conduct.  This is fatal to his negligence claim.  Moreover, at least one other district court has found that because federal student loan regulations under the HEA "do not exist for the direct benefit of the students and do not require [a guaranty agency] to engage in certain conduct, they cannot form the basis of a negligence action."  Keams v. Tempe Technical Inst., Inc., 16 F. Supp. 2d 1119, 1122-23 (D. Ariz. 1998); see id. at 1123 ("[T]he HEA imposes no such obligation on guaranty agencies . . . [and] [w]ithout the existence of a duty to act on behalf of Plaintiffs, [the guaranty agency] is not liable even if it acted negligently.").

Kozaczek does not contest the Defendants' argument above, stating only that if his negligence claim is defective, "it is easily remedied by an amended complaint.  Pro se Plaintiff hereby respectfully gives notice that Plaintiff will apply to the Honorable Court to amend Plaintiff's Complaint should it found to be lacking in this regard."  (Doc. 68 at 11.)  Kozaczek has amended his complaint once in state court before this action was removed.  See Docs. 14, 20, 21.  As a

general rule, a district court should not dismiss a <u>pro se</u> complaint without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010) (quoting <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991)).  Nonetheless, leave may be denied if amendment of the complaint would be futile.  <u>See Ellis v. Chao</u>, 336 F.3d 114, 127 (2d Cir. 2003).

This Court recently denied Kozaczek leave to amend a complaint in a different case about his student loans.  <u>See Kozaczek v. New York Higher Educ. Servs. Corp.</u>, No. 1:13-CV-00074-JGM, 2014 WL 2112691 (D. Vt. May 20, 2014) ("The Court finds granting Kozaczek leave to amend would be futile.  The Court has now ruled on his claims twice (and the Second Circuit once).  This is not Kozacek's first lawsuit involving his student loans before the Court. Although <u>pro se</u>, Kozaczek is now undeniably an experienced <u>pro se</u> litigant and the lack of plausible factual allegations in his complaint do not warrant a third bite at the apple.").  Here too, the Court finds granting leave to amend his negligence claim would be futile.  There is no indication better pleading could revive Kozaczek's negligence claim against the Defendants.  <u>See Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied.").  The Court therefore declines to grant leave to amend.

### 5.    Enforceability of the Promissory Note

Finally, Kozaczek contends that the Defendants have only presented a copy of the promissory note and therefore they do not own "the alleged instrument on which the underlying debt is alleged."  (Doc. 21 at 9.)  Citing the Uniform Commercial Code, he claims that because the Defendants do not "physically possess" the note — which he characterizes as a negotiable instrument — they cannot redeem it.  (Doc. 68 at 12.)  The Defendants are correct, however, that a

guaranteed student loan is not considered a negotiable instrument.  See Armstrong v. Accrediting Council for Continuing Educ. & Training, Inc., 168 F.3d 1362, 1364, opinion amended on denial of reh'g, 177 F.3d 1036 (D.C. Cir. 1999) ("Although guaranteed student loans often change hands many times, they are not considered negotiable instruments; neither repurchasers nor assignees become 'holders in due course.'").  Furthermore, Department of Education regulations require only that "[a] lender or guaranty agency holding a promissory note must retain the original or a true and exact copy of the promissory note until the loan is paid in full or assigned to the Secretary." 34 C.F.R. § 682.414(a)(5)(iii) (emphasis added).  The Defendants are in compliance with this regulation and may enforce the promissory note.

      C.      Kozaczek's Motion for Partial Summary Judgment

Kozaczek requests partial summary judgment on his claim that the Defendants improperly garnished his wages.  As found above, the Defendants are not debt collectors under 15 U.S.C. § 1692a(6)(F) and are therefore exempt from the FDCPA.  Furthermore, Kozaczek has no private right of action to enforce provisions of the HEA against a guaranty agency.  His motion is denied.

IV.     Conclusion

For the foregoing reasons, Kozaczek's motion for partial summary judgment (Doc. 64) is DENIED.  The Defendants' motion for summary judgment (Doc. 65) is GRANTED.

      SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of July, 2014.


            /s/ J. Garvan Murtha
            Honorable J. Garvan Murtha
            United States District Judge