UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| LESLIE KEVIN KOZACZEK, : <br> : <br>     Plaintiff and : <br>     Counter Defendant, : <br> : <br>     v. : <br> : <br> NEW HAMPSHIRE HIGHER EDUCATION : <br> ASSISTANCE FOUNDATION, and : <br> GRANITE STATE MANAGEMENT SERVICES, : <br> : <br>     Defendants and : <br>     Counter Claimants. : <br> _____: | Case No. 1:12-cv-00055-jgm |

<u>ORDER</u>
(Doc. 92)

    Plaintiff Leslie Kozaczek moves to proceed on appeal in forma pauperis.  (Doc. 92.)  For the reasons described below, Plaintiff's motion is DENIED.

    An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.  See <u>Fridman v. City of New York</u>, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002).  To determine whether an appeal is taken in good faith, the Court "must consider the objective merits of the appeal."  <u>Id.</u> at 537.  The good faith standard is not met when a party seeks review of a frivolous claim.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444 (1962).

    An application to proceed in forma pauperis must state "the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C).  This requirement has been strictly applied because an appellant who fails to state the issues for appeal "hinders the district court's task of determining whether an appeal is taken 'in good faith.'"  See <u>Frias v. United States</u>, No. 09 Civ. 2537, 2011 WL 832903, at *1 (S.D.N.Y. Mar. 4, 2011).  Kozaczek has failed to include any statement of his case with his motion.  Accordingly, the Court denies Kozaczek's motion to proceed in forma pauperis.

See United States v. Scott, No. 09 CR 331, 2011 WL 3586434, at *2 (S.D.N.Y. Aug. 10, 2011) (denying motion to proceed on appeal in forma pauperis when appellant failed to state the issues he wished to raise on appeal); Frias, 2011 WL 832903, at *1 ("Because Petitioner has failed to state [in his motion to proceed in forma pauperis] the issues that he intends to present on appeal, Petitioner's motion is denied without prejudice.").

Moreover, the Court certifies under 28 U.S.C. § 1915(a)(3) that this appeal would not be taken in good faith because it is frivolous. Kozaczek's claims suffer from incurable substantive defects. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (a complaint is "frivolous where it lacks an arguable basis either in law or in fact"). The Court has dismissed these claims three times, and has repeatedly found it would be futile to permit Kozaczek to amend his Complaint due to a lack of plausible factual allegations. See Doc. 84 at 9 ("granting leave to amend [Kozaczek's] negligence claim would be futile" because "[t]here is no indication better pleading could revive [his] . . . claim"); Kozaczek v. New York Higher Educ. Servs. Corp., No. 1:13-CV-00074-JGM, 2014 WL 2112691, at *4 (D. Vt. May 20, 2014) (granting "Kozaczek leave to amend would be futile" because "the lack of plausible factual allegations in his complaint do not warrant a third bite at the apple."); Kozaczek v. New York Higher Educ. Servs. Corp., 1:10-CV-107-JGM, 2011 WL 3687379, at *4 (D. Vt. Aug. 23, 2011), aff'd, 503 F. App'x 60 (2d Cir. 2012) (denying leave to amend the Complaint). By "merely rehashing his previous, meritless arguments," Kozaczek "has not presented a good faith basis for an appeal." Garcia v. Paylock, No. 13-CV-2868, 2014 WL 1365478, at *2 (E.D.N.Y. Apr. 7, 2014). Further, allowing Kozaczek an opportunity to amend his motion by identifying issues for appeal would be unproductive because his appeal is frivolous.

Accordingly, his motion for permission to appeal in forma pauperis is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 22nd day of October, 2014.

                                                      /s/ J. Garvan Murtha_____
                                                     Honorable J. Garvan Murtha
                                                     United States District Judge